UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Mark W. Witt, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:13-cv-2344-GMN-GWF |
| vs. ) | |
| ) | **ORDER** |
| Hampton & Hampton, et. al., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

Pending before the Court is the Motion to Dismiss, (ECF No. 12), filed by Defendants Saticoy Bay LLC and Saticoy Bay LLC Series 8304 Broad Peak LLC ("Saticoy Defendants"), to which Plaintiff Mark W. Witt filed a Response, (ECF No. 15).

Also before the Court is Plaintiff's Motion to Amend the Complaint. (ECF No. 28). The Saticoy Defendants filed a Response to this Motion, (ECF No. 29), as did Defendants Hampton & Hampton and Hampton & Hampton Collections, LLC ("Hampton Defendants"), (ECF No. 33). Plaintiff, in turn, filed two Replies. (ECF Nos. 32, 34).

**I. BACKGROUND**

In December 2013, Plaintiff filed the instant action in state court, setting forth claims for (1) Quiet Title, (2) Unfair Debt Collection Practices pursuant to Nev. Rev. Stat. § 649.370, (3) Conversion, and (4) Unjust Enrichment, related to the collection of homeowners' association fees and a purported foreclosure upon his residence. (Compl., ECF No. 1-2). The Hampton Defendants removed the case on December 26, 2013, citing this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Removal Petition, ECF No. 1).

In their Motion, the Saticoy Defendants argue that the Complaint should be dismissed because they are bona fide purchasers and because Plaintiff's claim for conversion is invalid

under Nevada law. (ECF No. 12). In his Motion, Plaintiff requests leave to file an Amended Complaint which would (1) include more factual allegations regarding Defendants' failures to adhere to notice requirements prior to the purported foreclosure, (2) add Silverstone Ranch Community Association as a defendant, and (3) set forth additional claims regarding defects in the purported foreclosure. (ECF No. 28).

## II. LEGAL STANDARD

Pursuant to Rule 15(a), a court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III. DISCUSSION

Here, the Court finds that there is more than an adequate basis to grant Plaintiff's Motion to Amend, (ECF No. 28), pursuant to Rule 15. This is Plaintiff's first request to amend the Complaint, and the allegations, claims, and party he seeks to add are not futile. The Court finds no indication in the record that any defendant will face undue prejudice if Plaintiff is allowed to file an Amended Complaint. In fact, the Hampton Defendants state in their Response that Plaintiff's Motion to Amend "is clearly timely" and "[will] not cause any specific prejudice." Accordingly, the Court will grant Plaintiff's Motion to Amend, (ECF No. 28), and will deny as moot the Saticoy Defendants' Motion to Dismiss, (ECF No. 12).

///

///

**IV. CONCLUSION**

**IT IS HEREBY ORDERED** that the Motion to Amend (ECF No. 28) is **GRANTED**. Plaintiff shall file an Amended Complaint by October 20, 2014.  Failure to do so by this deadline may result in dismissal of the action with prejudice.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (ECF No. 12) is **DENIED as moot**.

**DATED** this 29th day of September, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court